Ross, Appellant, v. BARKER, Respondent.

1. The failure of the vendee of a chattel to return or offer to return the same is no bar to an action by such vendee against the vendor on an express warranty of soundness.

*Appeal from Newton Circuit Court.*

*Knott & Hough*, for appellant.

I. The court below erred in instructing the jury that, admitting all the testimony to be true, they are not entitled

to recover; because plaintiff has failed to prove an offer to rescind the contract by returning or offering to return the negro girl Celia, mentioned in plaintiff's petition before the commencement of this suit. It is now well settled that a failure on the part of the vendee to return the thing purchased is no bar to his right of recovery for breach of warranty, though it may be a limitation upon the measure of damages. (1 Pars. on Contr. 473; 2 id. 486; Add. on Contr. 272.) In this case the court instructed the jury that a failure to return the slave was an absolute bar to the plaintiff's right to recover. (Stearns v. McCullough, 18 Mo. 414.)

*Edwards & Ewing*, for respondent.

I. The court did right in giving the instruction asked by the defendant. The plaintiff should have returned or offered to return the negro in a reasonable time after ascertaining that she was not sound. (1 Pars. on Contr. 474, 475; 1 Carr. & Pay. 15; Milner v. Tucker, 2 id. 514; Percival v. Blake, 3 id. 407; Cush v. Giles, 4 Esp. 95: Grinalidi v. White, 1 Stark. 257; Groning v. Mendham, 1 id. 477; Hopkins v. Appleby, 14 Conn. 411.)

NAPTON, Judge, delivered the opinion of the court.

This suit was for a breach of warranty of soundness in the sale of a slave, and upon the trial the court instructed the jury that the plaintiff could not recover, because there had been no offer to return the slave.

Where there was a breach of an express warranty, or a fraudulent and false representation, the liability of the vendor is not defeated by a failure on the part of the vendee to return or offer to return the property. This circumstance may affect the measure of damages, but is no bar to the action. (Fielder v. Starkie, 1 H. Black. 19.) The case of Stearns v. McCullough, 18 Mo. 414, decided by this court, recognizes this rule.

The judgment will be reversed and the case remanded; Judge Ewing concurs. Judge Scott absent.